# UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

|  |  |
|---|---|
| *IN RE MISSION HEALTH ANTITRUST LITIGATION* | **Case No: 1:25-mc-00010-MR** <br> **Related Case No.: 1:22-cv-00114-MR** |

## DECLARATION OF RYAN T. HOLT IN SUPPORT OF LIFEPOINT'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER

I, Ryan T. Holt, voluntarily make the following declaration under penalty of perjury in accordance with 28 U.S.C. § 1746:

1. I am over the age of eighteen and am competent to make this declaration based on my own personal knowledge. I am a member at the law firm Sherrard Roe Voigt & Harbison, PLC ("Sherrard Roe") in Nashville, Tennessee, which represents Lifepoint (as defined in my prior declaration) in this action.

2. Defendants' original subpoenas listed the following "Relevant Payors": "Aetna (including Coventry), Blue Cross Blue Shield, BMS TPA, Cigna, CWI Benefits, Crescent TPA, Humana, Healthgram TPA, Med Cost, MultiPlan PHCS, United Healthcare, Wellpath, and Western North Carolina Healthcare Coalition."

3. On or about May 9, 2025, Lifepoint produced 165 documents spanning 3,987 pages, consisting of Lifepoint's contracts with those Relevant Payors

regarding reimbursement for inpatient and outpatient services for the DLP Hospital facilities in the 18-county area and time period at issue.

4. Defendants' reissued deposition subpoena listed the following five (5) "Relevant Payors": "Blue Cross and Blue Shield, Cigna HealthCare, United HealthCare, Aetna (including Coventry), and MedCost."

5. In order to determine how many of the contract documents that Lifepoint produced to Defendants are associated with those five payors, I ran searches for those five payors across those 165 contract documents. Of those 165 documents, 123 of them are associated with the five (5) Relevant Payors listed in Defendants' reissued subpoena. Those 123 documents span 3,613 pages.

6. In my May 22, 2025 declaration, I stated that "[a]fter running several variations of proposed search strings at Defendants' request, Lifepoint has gathered more than 25,000 additional documents (including family members) that hit for those search string." Holt Decl. (ECF #32) ¶ 5. I also stated that "[i]n order to ensure compliance with the Court's April 8, 2025 Order, counsel for Lifepoint is currently reviewing the hits for those search string for responsiveness and privilege, after which the responsive, non-privileged documents will be produced to Defendants." *Id.* at ¶ 6. At that time, Lifepoint's data had only been in the law firm review platform for approximately two days. Lifepoint letter (ECF #32-3) at 4 (explaining that the import and de-duplication of data was not completed until May 20, 2025).

7. Over the past two weeks and since I submitted my May 22, 2025 declaration, Lifepoint's counsel has been diligently reviewing the hits for Defendants' search string for responsiveness and privilege. As of today, more than 72% of those search string hits (more than 17,000 documents) have been reviewed for responsiveness and privilege. On June 6, 2025, Lifepoint made its initial rolling production of the responsive, non-privileged search string hits to Defendants. That initial rolling production included more than 1,850 pages of documents.

8. Counsel for Lifepoint's diligent review of the remaining documents is ongoing, and I have communicated to counsel for Defendants that Lifepoint intends to substantially complete its production of the remaining responsive, non-privileged search string hits by June 18, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NOT.

Executed on _____6/6/25_____

_____
Ryan T. Holt

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 6, 2025, a true and correct copy of the foregoing was served via the Court's CM-ECF system, which serves all registered users in this action.

*/s/ Ryan T. Holt*